UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC MILLER,

        Plaintiff,

    v.

                                      Case No. 19-cv-636-pp

NANCY A. BERRYHILL,

        Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff is not employed, not married, and has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists no income, no expenses, no property owned, and no cash on hand in any bank account. Id. at 2-4. In the "Other Circumstances" section of the affidavit, the plaintiff states "I . . . have been fighting for 12 years to get

1

on disability. In that time my friends & family have been financially supporting me for that long." The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint contains ten paragraphs alleging error by the ALJ in denying benefits to the plaintiff. Included are: the ALJ "played doctor" and relied on his lay interpretation of objective medical evidence without the support of expert medical opinion; the ALJ did not comply with standards when he evaluated the severity of the plaintiff's complaints of pain and other symptoms and, as a result, understated the plaintiff's limitations; the ALJ held the plaintiff to a "higher standard" than called for by the regulations in evaluating the plaintiff's statements about the limiting effects of his impairments; the ALJ failed to inform the vocational witness about moderate limitations in concentration, persistence and pace, so the finding of RFC and conclusions on the issue of disability understated the plaintiff's medically-

2

supported limitations; the ALJ failed to evaluate the aggregate effects of the plaintiff's severe and non-severe impairments when evaluating medical equivalence to the listings and RFC; the ALJ failed to build an accurate and logical bridge between the evidence and his conclusions; the ALJ's recitation of the record did not explain why the hypothetical questions and subsequent finding of RFC applied to the plaintiff; despite evidence proving that the plaintiff could not work full time, the ALJ failed to establish that the plaintiff had the "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis;" and the ALJ did not meet the Commissioner's step-five burden of proof. Dkt. No. 1 at 2-5. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 7th day of May, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**